[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff wife, 42, and the defendant husband, 42, married on June 4, 1977 in Stamford, Connecticut. They have resided in Connecticut since their marriage. They have one child, now an adult who has also graduated from high school.
By agreement of the parties their condo unit was sold and the net proceeds were given to the plaintiff. She repaid her father for funds he advanced. She paid some money to her attorney. She rented a condo unit from her father, paying the first month's rent of $1,100 and a security deposit of $1,100. (cf. Plaintiff's Exhibit #1, copy of lease). She has less than $100 left. (cf. Plaintiff's Exhibit #3, statement of disbursement).
At the time of their marriage, the plaintiff was head teller of Union Trust Co. She continued there for four or five years, worked at another banking institution for a year and then left work to raise their daughter. She returned to work about four years ago, first as a cashier in a supermarket, and is currently employed by People's Bank as a teller earning a gross monthly salary of $1,636 and net after taxes of $1,264 or $292 weekly.
The defendant has worked for an electrical contractor for twenty-five years, the last fifteen years as a licensed journeyman electrician, currently earning $983 weekly including overtime, and $729 weekly after taxes. He also generates some additional income from outside jobs totaling $37 net weekly. CT Page 4491
Both parties are in good health.
The primary cause of the marriage breakdown is attributable to the defendant's alcoholism which led to fits of violence. The final episode occurred at their daughter's high school graduation party last June. The plaintiff began this action on July 16, 1997. On July 3, 1997 the defendant went to Meriden Center for treatment. He has been sober since, but the damage caused the marital relationship was then beyond repair.
The parties have stipulated to the entry of cross orders for relief form physical abuse, and the court will incorporate same into the judgment as orders.
Having reviewed the evidence in light of the applicable statutes and case law, the court enters a judgment dissolving the marriage on the ground of irretrievable breakdown and the following orders.
 1. The existing restraining order shall continue indefinitely and the Husband shall be forever restrained from:
 a. Imposing any restrain upon the person or liberty of the Plaintiff Wife: and,
 b. Threatening, harassing, assaulting, or molesting, the Plaintiff Wife; and,
c. Entering the dwelling occupied by the Plaintiff Wife; and,
 d. From contacting the Plaintiff Wife in any manner (not in person, not by telephone, not through mail, not by fax or computer) with the exception of the necessary service of legal documents and the forwarding of the weekly alimony check as hereinafter set forth.
 2. The existing restraining order shall continue indefinitely and the Wife shall be forever restrained from:
 a. Imposing any restraint upon the person or liberty of the Defendant Husband; and,
 b. Threatening, harassing, assaulting, or molesting, the Defendant Husband; and,
CT Page 4492
c. Entering the dwelling occupied by the Defendant Husband; and
 d. From contacting the Defendant Husband in any manner (not in person, not by telephone, not through the mail, not by fax or computer) with the exception of the necessary service of legal documents.
 3. The defendant shall pay periodic alimony to the plaintiff in the amount of $200 weekly until the remarriage of the plaintiff, the death of either party or further court order. A contingent wage withholding order is entered.
 4. The mortgage escrow refund of $1,395.03 shall be released to the plaintiff to be used to defray her legal expenses.
 5. Each party shall otherwise continue to own the assets as now possessed, and each party shall be solely responsible for the liabilities listed on the respective financial affidavits.
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.